UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:                                                      Case No. 17-41480-cec

  Rodney B. Williams and                              **SECOND AMENDED**
  Lakeishia N. Hodges,                                **CHAPTER 13 PLAN**

                          Debtors.
-----------------------------------------------------------X

    1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the trustee for a total of __60__ months, the sum of :

    **$700.00**___ commencing __**April 30, 2017**__ through and including __**April 30, 2017**__ for a period of ___1___ months;

    **$390.00**___ commencing __**May 30, 2017**__ through and including __**August 30, 2017**__ for a period of ___4___ months;

    **$761.00**___ commencing __**September 30, 2017**__ through and including __**March 30, 2018**__ for a period of ___7___ months;

    **$931.00**___ commencing __**April 30, 2018**__ through and including __**November 30, 2018**__ for a period of ___8___ months;

    **$1,465.00**___ commencing __**December 30, 2018**__ through and including __**December 30, 2018**__ for a period of ___1___ months;

    **$1,772.00**___ commencing __**January 30, 2019**__ through and including __**June 30, 2019**__ for a period of ___6___ months;

    **$2,069.00**___ commencing __**July 30, 2019**__ through and including __**March 30, 2022**__ for a period of ___33___ months;

    2. From the payments so received, the trustee shall make disbursements as follows:

        (a) Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. §507,

    Priority debt to **Corash & Hollender, P.C.**, (Debtors' attorneys) for legal fees, to be paid through the plan.

    Priority debt to **NYS Department of Taxation and Finance** for tax years 2015-2016, in the amount of **$16,500.00,** to be paid through the plan.

  (b) Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

  **Seterus** (mortgage holder) to be paid pre-petition arrears in the sum of **$24,000.00** plus <u>0%</u> interest over the life of the plan.

  **TBG Home Owner Association** to be paid pre-petition arrears in the sum of **$1,585.20** plus <u>0</u> % interest over the life of the plan.

  **New York City Water Board** to be paid pre-petition arrears in the sum of **$1,593.80** plus <u>6%</u> interest over the life of the plan.

  **Northwell Health Federal Credit Union** (vehicle loan) payments are current and will be paid outside the plan. No payments will be made to Northwell Health Federal Credit Union through the plan.

  **Northwell Health Federal Credit Union** (secured loan) payments are current and will be paid outside the plan. No payments will be made to Northwell Health Federal Credit Union through the plan.

  **Hyundai Motor Finance** (vehicle loan) to be paid pre-petition arrears in the sum of **$2,000.00** plus <u>0</u> % interest over the life of the plan.

Real Estate Taxes are current pre-petition and will be paid outside of the plan.

  (c) Subsequent and/or concurrently with distribution to secured, priority, and administrative creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proofs of claim, including student loans, of not less than <u>100</u> %(percent).**

  3. The Debtor(s) shall make all post-petition payments, including but not limited to mortgage payments, vehicle payments, real estate taxes and income taxes, outside the plan.

## LOSS MITIGATION LOAN MODIFICATION
### N/A

  4. The mortgage due to _____ (mortgage lien holder) on the property know as _____ (property address) under account number_____ is in default. Said default including all arrears, legal fees and other expenses due to the mortgagee shall be capitalized pursuant to a loan modification under the Court's Loss Mitigation Program, as provided in General Order 582 in the United States Bankruptcy Court for the Eastern District of New York. The debtor(s) post-petition mortgage payments under the Loss Mitigation calculation with the full balance due on the mortgage including, all past due payments, late

charges, legal fees, escrow deficiency, etc. and totals $_____ to be paid at 2% interest amortized over forty (40) years will amount to a payment of $_____ including interest ($_____), and escrow ($_____). The estimated monthly payment of $_____ shall be paid directly to the Chapter 13 Trustee, while Loss Mitigation application is pending, and until such time as the Debtor(s) has entered into a trial loan modification under the Loss Mitigation Program. Contemporaneous with the approval and commencement of a trial loan modification, the Debtor(s) will amend the Chapter 13 Plan and Schedule J of the Debtor(s) petition to reflect the terms of the trial agreement, including the direct payment, going forward, of the mortgage to the mortgage lienholder.

### JUNIOR MORTGAGE LIENS TO BE AVOIDED
### N/A

5. Pursuant to 11 U.S.C. §502, 506(a), 506(d), 1322(b)(2), 1325(a) and 1328(f) the debtor intends to avoid a mortgage lien on the debtor's primary residence located at _____ ("Property") held by _____[Loan No. (Last four digits) _____ ] [Claim No. \_\_\_\_\_ filed on _____ in the amount of $_____ ]. The debtor(s) are eligible to receive a discharge in this case, and the debtor(s) filed a motion pursuant to Bankruptcy Rule 3012 to value the junior mortgage lien held by _____ which was heard and determined by order dated _____ ("Rule 3012 Order"). In the Rule 3012 Order the Court found that the junior mortgage held by _____ is not secured by the Property because the amount of the senior mortgage(s) exceed the value of the Property, and the secured claim on the Property held by _____ shall be treated as a general unsecured creditor and paid in accordance with the terms of paragraph (c) above.

Upon entry of the chapter 13 discharge, debtor(s) or debtor's counsel shall be entitled to present the Rule 3012 Order, in recordable form, to the County Clerk's office in order to cancel and discharge the aforementioned mortgage lien.

6. All lease agreements are hereby assumed, unless specifically rejected as follows:
### N/A

7. During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2 (c) less than one hundred percent (100%), the debtor(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

8. Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, unless otherwise provided in the Order confirming the plan. Throughout

the term of this plan, the debtor(s) will not incur post-petition debtor over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.

_____
Rodney B. Williams, Debtor

_____
Lakeishia N. Hodges, Joint Debtor

Dated: MAY 25 2017

_____
By: Paul Hollender (PH5834)
Attorney for Debtor
Corash & Hollender, P.C.
1200 South Avenue, Suite 201
Staten Island, NY 10314
(718) 442-4424